## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MARGARET KRIS,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil No. 24-40135-DHH** |
| ) | |
| **MARY LIPPOTH and** ) | |
| **COMMONWEALTH CARE** ) | |
| **ALLIANCE,** ) | |
| **Defendants.** ) | |
| ) | |

## <u>ORDER</u>

### January 10, 2025

**Hennessy, M.J.**

The undersigned grants Plaintiff Margaret Kris' request for additional time to respond to the undersigned's December 26, 2024 Order.  Kris has an additional twenty-eight days, from the date of this Order, to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

By Memorandum and Order dated December 26, 2024, the undersigned allowed Margaret Kris' motion for leave to proceed *in forma pauperis* and ordered her to show cause why this action should not be dismissed.  (Docket #15).  The Memorandum and Order explained that because there is no private right of action for alleged HIPAA violations, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).  Kris was ordered to show cause within twenty-eight days and was advised that failure to do so may result in dismissal of this action by a District Judge.  (*Id.*).

On January 7, 2025, Kris filed a three-page handwritten response. (Docket #17). In her response, Kris acknowledges that she lacks "legal knowledge" and explains that she has unsuccessfully tried to obtain copies of her medical records through "the proper channels by contacting DHHS and filing a[n] OCR complaint." (*Id.* at 1). She states that she "need[s] more time" and would "like the court to stay the dismissal on the grounds that in order to reframe the claim away from HIPPAA and to show DHHS was dismissive and failed to act." (*Id.* at 2). Kris further states that she is aware of "a Federal Rule of Civil Procedure where the court has jurisdiction to make federal employees perform their duties." (*Id.* at 3).

Where, as here, a party is proceeding *pro se*, any document he or she files "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citation and quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Wright v. Town of Southbridge,* No. 07-cv-04305-FDS, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, No. 96-cv-2266, 1997 WL 351633, at *1 (1st Cir. June 23, 1997) (per curiam)).

Here, even with a liberal construction, Kris' response fails to show cause why this action should not be dismissed. To the extent Kris seeks to have this Court order the United States Department of Health and Human Services ("DHHS") assist Kris in obtaining documents from the defendants, she has failed to state a cognizable claim for mandamus relief. Mandamus is

2

"extraordinary" relief "reserved for special situations."  *In re City of Fall River, Mass.*, 470 F.3d 30, 32 (1st Cir. 2006); *see Cervoni v. Sec'y of Health, Ed. & Welfare*, 581 F.2d 1010, 1019 (1st Cir. 1978) ("The mandamus remedy is available only under exceptional circumstances of clear illegality").  Plaintiff must establish that she has (1) a "clear" right to relief; (2) no other adequate remedy; and that (3) there is "a clearly defined and peremptory duty" on defendant's part to do the action sought.  *Diaz v. Matal*, 268 F. Supp. 3d 267, 274 (D. Mass. 2017) (quoting *Arruda & Beaudoin, LLP v. Astrue*, No. 11-cv-10254-GAO, 2013 WL 1309249, at *18 (D. Mass. Mar. 27, 2013)) (quoting *Georges v. Quinn*, 853 F.2d 994, 995 (1st Cir. 1988)).  Here, DHHS is not a party to this action and Kris fails to establish that she has a clear right to the relief sought.

However, given the liberal approach taken by courts in construing *pro se* pleadings and Kris' request for additional time to show cause, the undersigned will GRANT this request and hereby ORDERS Kris to show cause, within twenty-eight days, why the action should not be dismissed for the reasons set forth above.  Failure to do so may result in dismissal of this action by a District Judge.

SO ORDERED.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge